IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMMIE R. WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| THE CITY OF ARLINGTON, TEXAS, | § | |
| ARLINGTON POLICE DEPARTMENT, | § | |
| MELVIN WASHINGTON, AND | § | |
| OFFICER J. MCDONALD | § | |
| | § | JURY TRIAL |
| Defendants. | § | DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES, TIMMIE R. WHITE, hereinafter referred to as Plaintiff, by and through his attorney of record, BOBBIE EDMONDS. Plaintiff, TIMMIE R. WHITE, hereinafter referred to as "Plaintiff or Plaintiff White", complaining of the CITY OF ARLINGTON, hereinafter called Defendant Arlington, complaining of the ARLINGTON POLICE DEPARTMENT, hereinafter called Defendant Arlington P.D., complaining of MELVIN WASHINGTON, hereinafter called Defendant Washington, and complaining of J. MCDONALD, hereinafter called Defendant McDonald, and files this Complaint and for cause of action would respectfully show the Court and jury the following:

### I.   PARTIES

1. Plaintiff, TIMMIE R. WHITE, hereinafter referred to as "Plaintiff White or Plaintiff", is an individual residing in Tarrant County, Texas.

2. Defendant, MELVIN WASHINGTON, hereinafter referred to as "Defendant Washington" is an individual residing in Tarrant County, Texas. The defendant may be served at 2003 South Cooper Street, Apartment No. 232, Arlington, Texas 76010, or wherever he may be found.

3. Defendant, CITY OF ARLINGTON, hereinafter referred to as "Defendant ARLINGTON" is an incorporated municipality situated in Tarrant County, Texas. The defendant may be served with

process through its agent for service of process, Alex Busken, City Secretary at 101 W. Abram St., 3rd Floor, Arlington, Texas 76010.

4. The ARLINGTON POLICE DEPARTMENT, and its current Chief, ALEXANDER JONES, herein referred to as "Defendant Jones" is a subdivision of the City of Arlington. (Chief Jones was not the chief at the time of this incident in 2020). JONES is the Chief of Police of the Arlington Police Department. The defendant may be served with process at Ott Cribbs Public Safety Building, 620 W. Division St., Arlington, Texas 76011. On or about October 2, 2020, and at all times pertinent to the cause of action stated herein, a fully qualified chief was acting in his official capacity pursuant to the authority vested in him by that office.

5. Further, Defendant Officer J. MCDONALD, hereinafter referred to as Defendant "McDONALD", was a City of Arlington police officer under the supervision of its current chief of police on October 2, 2020. The defendant may be served with process at Ott Cribbs Public Safety Building, 620 W. Division St., Arlington, Texas 76011.

## II.   JURISDICTION and VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. § 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

7. Venue is proper in Tarrant County, Texas. Specifically, venue is allowed in this county because the incident occurred in Tarrant County, Texas. Further, Plaintiff is a resident and was a resident at the time of the incident in Tarrant County, Texas. Defendant City of Arlington is a municipality, with its subdivision, Arlington Police Department, located in Tarrant County, Texas. Defendant Washington is a resident of Arlington, Tarrant County, Texas. Defendant McDonald is a police officer in the City of Arlington, Tarrant County, Texas.

### III. FACTS

8. On or about September 23, 2020, Plaintiff White, a homeowner of the property in question, entered into a contract with Defendant Washington, for an agreed upon sum of $4,500.00 for Defendant Washington to paint Plaintiff White's residence located in Arlington, Texas.

9. Defendant Washington worked for Plaintiff White for approximately five (5) partial days. Defendant Washington was paid an initial payment of $2,250.00 with the balance of $2,250.00 to be paid upon completion of the work. During the time that Defendant Washington worked for Plaintiff, he was late starting work each and everyday and perform little work each of the partial days. Plaintiff alleges that he had to tell Defendant Washington to put covering over all of the flooring and furniture at the residence, because Defendant Washington damaged the floor and furnishing with paint spots and smears, including areas of the home which had recently been restored.

10. Further, Plaintiff alleges that Defendant Washington engaged in unprofessional workmanship and caused Plaintiff to incur damages to his home and incur additional expenses to correct Defendant Washington's poor performance at Plaintiff's residence.

11. With more than fifty percent of work incomplete on the painting job, on October 2, 2020, Plaintiff fired Defendant Washington for breach of contract and to prevent further damages to his home. After the verbal announcement that Defendant Washington was being fired, he refused to leave from the interior of Plaintiff's home, and at one-point locked Plaintiff out of his home. Further, although the work was incomplete, Defendant Washington demanded to be paid the balance agreed upon in the contract, and refused to leave Plaintiff's residence. Defendant Washington became enraged, belligerent, aggressive, and repeatedly charged at Plaintiff with his hands going in and out of his pockets, as if he was going to retrieve a knife or some other weapon.

12. At this time, Plaintiff removed himself out of Defendant Washington's reach and went upstairs to his bedroom and retrieve his handgun. With the gun at his side and visible, Plaintiff again demanded Defendant Washington leave his home. Thereafter, Defendant Washington called 911 to the Arlington Police Department and made a false report alleging that a gun was pointed at him, and he was assaulted with a weapon by Plaintiff White near the public roadway.

13. Once the officers arrived, there was a brief and inadequate investigation. Defendant Officer McDonald took the limited information from the homeowner Plaintiff White. Although there was a home surveillance video which captured the incident and could have immediately contradicted Defendant's Washington's allegations, the Defendant Arlington Police officer(s) failed to view the home surveillance video on the scene but opted to arrest Plaintiff White, the homeowner. Plaintiff alleges that the officers failed to follow training policies and steps to develop probable cause and denied Plaintiff constitutional due process under the law.

14. Plaintiff, the homeowner, alleges that he was arrested and placed in the backseat of the police squad car and transported to the Arlington Police Station. Thereafter, Plaintiff alleges that he was booked (photographed (mugshot), finger-printed, his DNA was taken, and he was assigned an inmate number). Plaintiff alleges that his civil rights and substantive and procedural due process rights under the United States and Texas Constitutions were violated.

## IV. PLAINTIFF'S CAUSES OF ACTION

15. Plaintiff brings this complaint, Pursuant to 42 U.S.C. § 1983, 1985 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff brings this suit for False Arrest, False Imprisonment, and Malicious Prosecution and Other Claims, pursuant to the Texas Constitution, the laws of Texas governing Texas Tort Claims Act, and Texas Civ. Prac. & Rem. Code, Chapters 101, 102, 104 and 108.

V.

## COUNT ONE- VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST

16. Plaintiff repeats, re-alleges and incorporates by reference the allegations 8 thru 14 in the preceding paragraphs with the same force and effect as if herein set forth. At all times relevant herein, the conduct of Defendants City of Arlington and Arlington Police Department were subject to 42 U.S.C. § 1983, 1985, 1986, and 1988. Acting under the color of law, Defendants City of Arlington and Arlington Police Department denied Plaintiff White's rights, privileges or immunities secured by the United States Constitution or by federal law by depriving Plaintiff White of his liberty without due process of law, by taking him into custody without probable cause of a criminal act, without conducting reasonable investigation at the scene of the incident prior to a deprivation of his liberty, and holding (imprisoned) Plaintiff against his will.

17. The officers, while acting in the course and scope of their official capacity and as members and employees of the City of Arlington and Arlington Police Department, maliciously, and without probable cause violated Plaintiff White's civil rights by arresting him without probable cause in fact or law.

18. At all times relevant herein, the Defendants acted with the intention of confining White in jail, the act directly or indirectly resulted in confinement, and White was conscious of the confinement.

19. Defendants, Officer McDonald, in cooperation with City of Arlington's Corporal Els and Officer Rundles imposed by force or threats, an unlawful restraint upon his freedom of movement by arresting and handcuffing his hands with official duty issued handcuffs and transporting him to the Arlington Jail in an official City of Arlington police squad car where he was detained. Plaintiff White alleges that as he was being driven away from his house he looked back and saw Defendant Washington smiling as he departed in the squad car.

20. As a direct and proximate result of the conduct of the Defendants City of Arlington and Arlington Police Department, Plaintiff White suffered harm and damages.

21. Defendants City of Arlington and Arlington Police Department are liable under the doctrine of respondeat superior.

22. Defendant Washington intentionally and knowingly gave a false report to the police to deprive Plaintiff of his freedom of movement, and caused him emotional distress, embarrassment and humiliation.

23. Plaintiff alleges that Defendant Arlington Police Department and City of Arlington grossly failed to conduct a proper investigation for probable cause at the scene and stripped Plaintiff of his liberty, causing Plaintiff embarrassment and intentional infliction of emotional distress.

## VI.

**COUNT TWO- VIOLATIONS OF 42 U.S.C. 1983: UNLAWFUL SEIZURE OF A PERSON**

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

25. Arlington Police officers, acting under color of law, unlawfully detained Plaintiff, Timmie R. White without probable cause, or reasonable suspicion that any violation or crime had been committed. Those actions violated Plaintiff's rights to due process, equal protection and rise to Plaintiff's claims pursuant to the Fourth Amendment to the Constitution of the United States and 42. U.S.C. § 1983, and their counterparts in the Texas Constitution.

26. The City of Arlington violated Plaintiff's constitutional rights to due process, equal protection, and not to be detained without probable cause or reasonable suspicion when the Defendants arrested and wrongfully detained Plaintiff. Plaintiff was placed in handcuffs and arrested, despite not committing a penal offense or being suspected of committing a crime, and

despite the circumstance that Plaintiff was the victim, and that Defendant Washington gave false information in a complaint/call he made to 911 on October 2, 2020.

27. Plaintiff alleges that he was not a threat, was not resisting arrest or attempting to evade arrest by flight. The officer's conduct was objectively unreasonable, resulted from a lack of training, and comported with the City of Arlington's illegal de facto policies.

28. As a result, Plaintiff suffered injuries, which resulted directly from the wrongful detention, and/or seizure that was objectively unreasonable and a violation of clearly established law.

VII.

## COUNT FOUR-VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

29. Plaintiff repeats, re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

30. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff White, Defendants Officer McDonald, Corporal Els and Officer Rundles deprived Plaintiff White of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983. Plaintiff White demands judgment for the false detention and confinement against all the Defendants jointly and severally.

VIII.

## COUNT FIVE - VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

31. Plaintiff repeats, re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

32. Defendant City of Arlington, by and through its agents, servants and employees, were negligent in placing police officers like Officer McDonald, Corporal Els and Officer Rundles on the streets without proper training and supervision, which acts and omissions of negligence, taken

separately and together, constitute a direct and proximate cause of the injuries and resulting damages to Plaintiff White upon the occasion in question, such negligence being:

    a. In employing as a police officer, someone as dangerous as Officer J. McDonald.

    b. In employing as a police officer, someone as dangerous as Corporal J. Els.

    c. In employing as a police officer, someone as dangerous as Officer R. Rundles.

    d. In failing to properly supervise Officers McDonald, Corporal Els and Officer Rundles.

    e. Failing to investigate and implement precautionary measures once they realized that there was no reason for Plaintiff to be in custody;

    f. Failing to properly investigate the alleged incident to avoid violating Plaintiff's freedom of movement.

33. Further, at all times relevant to this Complaint, Defendants Officer McDonald, Officer Els, and Officer Rundles, as police officers of the Arlington Police Department, were acting under the direction and control of Defendant Chief Jones, Defendant Arlington Police Department and Defendant City of Arlington.

34. Defendants Officer McDonald, Corporal Els and Officer Rundles, as police officers of the Arlington Police Department, were acting under color of law and pursuant to official policy or custom, the City of Arlington knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant police officers, in their duties, to refrain from:

    **(a)** unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    **(b)** unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    **(c)** conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Texas; and

    **(d)** otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

35. Defendants Jones, Arlington Police Department and the City of Arlington had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were probable to be committed. Defendants Chief of Police at the time of the incident, Arlington Police Department and the City of Arlington had power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

36. Defendants' chief of police at the time of the incident, Arlington Police Department and the City of Arlington directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant McDonald heretofore described.

37. As a direct and proximate cause of the negligent and intentional acts of Defendants, Officer McDonald, Corporal Els and Officer Rundles, Chief of Police at the time of the incident, Arlington Police Department and the City of Arlington as set forth above, Plaintiff White has suffered physical injury, loss of income, and mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

38. Plaintiff White demands judgment against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of $250,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $250,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## IX.

**COUNT SIX - MALICIOUS PROSECUTION**

39. Plaintiff White repeats, re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

40. Defendants City of Arlington and the Arlington Police Department instituted criminal process for a felony against the Plaintiff White with malice wherein Officer McDonald, Corporal Els and Officer Rundles played an active part in the initiation of the criminal proceedings and the Chief of Police at the time of the incident and the City of Arlington Police Department played an indirect role by supporting or acquiescing in the criminal proceedings.

41. The charges were not based upon probable cause that is the state of the facts in the mind of the Defendants, would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff White committed any crime for which he could be found guilty.

42. Defendants had a duty to ascertain whether there was reasonable and probable cause for prosecution. Defendants Officer McDonald, Corporal Els and Officer Rundles breached their duty;

43. The criminal proceeding terminated in favor of the Plaintiff White when he was released from police custody, without posting bond, and no criminal case was filed against him. Months later, without input from Plaintiff White, his record was expunged without notice or request.

44. Defendants, City of Arlington and Arlington Police Department, are liable under the doctrine of respondeat superior.

45. Plaintiff demands judgment against all Defendants, including Defendant Washington, for all claims herein alleged as well as actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

X.

**COUNT SEVEN - MALICIOUS ABUSE OF PROCESS**

46. Plaintiff repeats, re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

47. Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed. After realizing that Officers McDonald, Corporal Els and Officer Rundles had illegally and unconstitutionally stopped, injured and arrested Plaintiff White, Defendants Washington, Chief of Police at the time of the incident, Arlington Police Department and City of Arlington should have simply dropped the case and left Plaintiff White's at his home. Defendants knew or should have known that the charges were groundless but still used the process for an ulterior purpose, including, but not limited to, the purpose of seeking financial gain, and to cover up for his injuries to Plaintiff and the deprivation of his rights.

48. Defendants Washington, City of Arlington and Arlington Police Department are liable under the doctrine of respondeat superior.

49. Plaintiff White demands judgment against all Defendants for all claims alleged herein, injunctive relief and actual, special, and compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

XI.

**COUNT EIGHT – STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

50. Plaintiff White repeats, re-alleges and incorporates by reference the allegations in the preceding paragraphs with the same force and effect as if herein set forth.

51. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff White by making him lay down on the hard ground, face down and then maliciously prosecuting him, by

abusing the lawful process by unlawful purpose, by violating Plaintiff White's constitutional rights, by falsely arresting and imprisoning the plaintiff, and by interfering with Plaintiff White's state and federal civil rights.

52. Given the Plaintiff White's medical, physical and mental state, Defendants knew or should have known that emotional distress was the likely result of their conduct.

53. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community. The actions of the Defendants were the cause of White's distress. Plaintiff White is a reasonable and respectable man in the community.

54. The emotional distress sustained by White was initially severe and of a nature that no reasonable man could be expected to endure.

55. As a result of the Defendants' intentional extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed and suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation. Likewise, Defendants' extreme and outrages conduct, and the resulting emotional distress, resulted from the commission of another tort.

56. Defendants City of Arlington and Arlington Police Department are liable under the doctrine of respondeat superior.

57. Plaintiff White further alleges that the defendants intentionally and for the purpose of causing severe intentional infliction of emotional distress upon the Plaintiff White in a manner that was so outrageous and shocking that it exceeded all reasonable bounds of decency, did cause Plaintiff to suffer emotional distress. Further, that the way in which defendants conducted themselves in dealing with Plaintiff White was so reckless, outrageous, and shocking that it exceeded all reasonable bounds of decency, and that solely by reason of all of the foregoing, Plaintiff White has suffered damage and injury.

58. Plaintiff White demands judgment, including interest, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

59. Plaintiff White demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, and compensatory damages in the amount of $250,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $250,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## XII. DAMAGES

60. Plaintiff White incorporates by reference paragraphs 8 through 59 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff White:

    a.    Actual damages;

    b.    Punitive and exemplary damages against Defendants sued in their individual capacities in an amount sufficient to deter and to make an example of each such Defendant;

    c.    Pain and suffering;

    d.    Mental anguish and emotional distress suffered by Plaintiff;

    e.    Medical expenses;

    f.    Pre- and post-judgment interest;

    g.    Attorney's fees and costs of suit; and

    h.    Such other and further relief as this Honorable Court deems just and proper.

61. Plaintiff White alleges that there was no warrant for his arrest on the day in question. There was no reasonable grounds for said Defendants to believe Plaintiff White had committed an offense and Defendants knew they were without probable cause to arrest him.

62. No complaint, information, or indictment was ever sworn against Plaintiff White alleging offenses occurring prior to the moment Defendant Officer J. McDonald used his city issued handcuffs and city issued police vehicle to place Plaintiff White under arrest.

### XIII.  JURY DEMAND

63. Plaintiff White requests trial by jury.

### XIV.  NOTICE PREFILING

64. Plaintiff filed a complaint with Internal Affairs -City of Arlington regarding wrongful action and wrongful charge.

### XV.  PRAYER

WHEREFORE, Plaintiff Timmie R. White demands judgment for all claims alleged herein, the false arrest, malicious prosecution, false imprisonment, and resulting injuries and damages against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $250,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable, for interest, both pre-judgment and post-judgment, at the highest legal rate; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Bobbie Edmonds*

BOBBIE EDMONDS
Law Offices of Bobbie Edmonds
State Bar No. 06427900
Water Garden Place
100 E. 15th Street, Suite 410
Fort Worth, Texas 76102
(817) 332-6501/(817) 332-6599 FAX
Email: goodverdict@msn.com
Filings to: office@goodverdict.com
**ATTORNEY FOR PLAINTIFF
TIMMIE R. WHITE**

# **VERIFICATION**

STATE OF TEXAS      }

COUNTY OF TARRANT   }

BEFORE ME, the undersigned authority on this day personally appeared TIMMIE RAY WHITE hereinafter who after being duly sworn, deposes and states as follows that he is the Plaintiff in the above-entitled and numbered cause and he has read the foregoing pleading and that to the best of his knowledge, all statements contained therein are true and complete.

_____
TIMMIE RAY WHITE, Plaintiff

SWORN TO AND SUBSCRIBED before me on this the 30th day of September, 2022 to certify and witness may hand and seal of this office.

_____
Notary Public, STATE OF TEXAS

My Commission Expires:



LEATRICE L. CHAPPELL
My Notary ID # 12202519
Expires December 29, 2024

*Plaintiff's Original Complaint & Jury Demand*                                                          Solo Page