UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIMMIE R. WHITE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Case No. 4:22-cv-00886-O |
| § | |
| CITY OF ARLINGTON, TEXAS, § | |
| ARLINGTON POLICE DEPARTMENT, § | |
| MELVIN WASHINGTON, AND § | |
| OFFICER J. MCDONALD, | |
| | |
| Defendants. | |

## MEMORANDUM OPINION & ORDER

Before the Court is the City of Arlington and the Arlington Police Department's (hereinafter the "Arlington Defendants") Motion to Dismiss (ECF No. 7), filed November 3, 2022; Plaintiff's Response (ECF No. 19), filed December 16, 2022; and the Arlington Defendants' Reply (ECF No. 20), filed December 22, 2022. Notably, Plaintiff and Defendant Officer McDonald have stipulated Officer McDonald's dismissal from this suit (ECF No. 16). Also, Defendant Washington has not moved to dismiss, and he instead filed an Answer (ECF No. 12).

Having considered the briefing and applicable law, this Court **GRANTS** the Arlington Defendants' Motion to Dismiss on all claims. Specifically, the Court finds that it lacks subject matter jurisdiction over the claims against the Arlington Police Department and the intentional tort claims against the City of Arlington. Further, the Court finds that Plaintiff has failed to plausibly state a claim for which relief can be granted via his 42 U.S.C. § 1983 claims against the City of Arlington. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against Defendant Washington.

1

I.   **BACKGROUND**[1]

Plaintiff and Defendant Washington entered into a contract on or about September 23, 2020, whereby Washington was to paint Plaintiff's house for an agreed upon sum of $4,500.00. Over the course of five days, Plaintiff took issue with many aspects of Washington's performance.[2] Eventually, Plaintiff fired Washington for "breach of contract and to prevent further damages to his home."[3] Following Plaintiff's announcement to Washington that he was being fired, Washington allegedly refused to leave and at one point locked Plaintiff out of his own home. Plaintiff further alleges that Washington became "enraged, belligerent, aggressive, and repeatedly charged at the Plaintiff."[4] Plaintiff then went upstairs to his bedroom to retrieve his handgun and demand that Washington leave his home, which prompted Washington to call the Arlington Police Department.

Plaintiff further asserts that when officers from the Arlington Police Department arrived, there was a "brief and inadequate investigation."[5] According to the Plaintiff, this investigation was inadequate because the officers failed to review home surveillance footage of the incident. Shortly after the officers arrived, Plaintiff was arrested and transported to the Arlington Police Station, where he was booked, fingerprinted, and assigned an inmate number.

Plaintiff now alleges that his civil and due process rights were violated. Plaintiff lists out seven counts, applying them to both the City of Arlington (the "City") and the Arlington Police

---

[1] The facts are taken from Plaintiff's Amended Complaint (ECF No. 2). At the motion to dismiss stage, all well-pleaded facts are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[2] Specifically, Plaintiff complains that Washington was late to start each day, performed very little work while he was present at Plaintiff's house, damaged the flooring and furniture, and was unprofessional in his workmanship. *See* Pl.'s Am. Compl. 3, ECF No. 2.
[3] Pl.'s Am. Compl. 3, ECF No. 2.
[4] *Id*.
[5] *Id*. at 4.

Department, while bringing suit under 42 U.S.C. § 1983 and Texas state law.[6] In the instant motion, the Arlington Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[7] The Arlington Defendants argue that the Court lacks subject matter jurisdiction for Plaintiff's claims against the Arlington Police Department because the Police Department lacks capacity to be sued. They also argue for the dismissal of Plaintiff's state law intentional tort claims against the City because the City is immune from such suits. Finally, the Arlington Defendants argue that Plaintiff has failed to plausibly state a claim for which relief can be granted for his 42 U.S.C. § 1983 claims.

## II.     LEGAL STANDARD

### A.  12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal based on lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). If a federal court lacks subject matter jurisdiction, it must dismiss the complaint. FED. R. CIV. P. 12(h)(3). The burden of proof in establishing subject matter jurisdiction is on the party attempting to bring their case into federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). A case is properly dismissed based on a plaintiff's failure to establish subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

---

[6] Plaintiff alleges intentional torts of malicious prosecution, malicious abuse of process, and intentional infliction of emotional distress. *See* Pl.'s Am. Compl. 10–13, ECF No. 2.

[7] The Arlington Defendants style their motion to dismiss as against "Plaintiff's Original Complaint." Arlington Defs.' Mot. to Dismiss at i, ECF No. 7 at 1. However, Plaintiff filed an original complaint and an amended complaint on the same day: September 30, 2022. These two complaints are essentially identical, so the Court addresses the Arlington Defendants' motion as also encompassing the amended complaint.

### B. 12(b)(6) Motion to Dismiss

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (cleaned up). A court may not accept legal conclusions as true. *Id.* at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. ANALYSIS

#### A. Claims Against the Arlington Police Department

Notwithstanding separate rules for individuals and corporations, the capacity of an entity to be sued is determined law of the state in which this Court is located. FED. R. CIV. P. 17(b)(3);

*See also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). When it comes to a plaintiff suing a city department, such as a police department, that department must "enjoy a separate legal existence" from the city itself. *Darby*, 939 F.2d at 313. According to Texas law, a city has the authority to organize a police force and designate whether one of its own subdivisions or entities can be sued. *Id*. (citing Tex. Local Gov't Code Ann. § 341.003). *Darby* makes clear that the Court should look to the City's charter to properly determine whether its police department may be sued. *See id*. In *Darby*, the Fifth Circuit found that the Pasadena City Charter did not grant such authority, and thus the Pasadena Police Department could not be sued. *See id.* at 314; *see also Combs v. City of Dallas*, 289 F. App'x 684, 686 (5th Cir. 2008) (per curiam).

In this case, just as in *Darby*, the Arlington City Charter reserves the right to sue and be sued solely to the City itself.[8] This charter makes clear that the City has not granted the Arlington Police Department the right to sue or be sued, and thus the Arlington Police Department is a non-jural entity that lacks the capacity to be sued. Persuasive case law from this district supports this conclusion. *See, e.g.*, *May v. Andres*, No. 3:16-cv-1674-L, 2017 WL 495832, at *7 (N.D. Tex. Feb 7, 2017); *Hagwood v. Dallas Police Dep't*, No. 3:15-cv-2622- L-BN, 2015 WL 6688721, at *3–4 (N.D. Tex. Sep. 11, 2015); *Garcia v. Dallas Police Dep't*, No. 3:13-cv-1261-B-BH, 2013 WL 5433502, at *2 (N.D. Tex. July 1, 2013); *Williams v. City of Dallas Police Dep't*, No. 3:09-cv-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 13, 2009). Because the Arlington Police Department is a non-jural entity lacking the capacity to be sued, the Court lacks subject matter jurisdiction over Plaintiffs claims against the Arlington Police Department. Therefore, such claims against the Arlington Police Department are **DISMISSED**.

---

[8] *See* Arlington Defs.' Mot. to Dismiss 20, ECF No. 7 (citing Arlington City Charter, art. III § 1).

### B. Claims Against the City of Arlington

#### a. 42 U.S.C. §§ 1985, 86, and 88 Claims

Before turning to Plaintiff's § 1983 claims, this Court will briefly address Plaintiff's references to 42 U.S.C. §§ 1985, 86, and 88.[9] Mere reference to a statute is not enough to plausibly state a claim for which relief can be granted. *See Iqbal*, 556 U.S. at 678. These statutory references are not independently pleaded, and Plaintiff does not elaborate upon them in any way. As such, these references fail to plausibly establish any claim under §§ 1985, 86, or 88, and any claims pursuant to these statutory provisions are **DISMISSED**.

#### b. 42 U.S.C. § 1983 Claims

Plaintiff sues pursuant to § 1983 in Counts One, Two, Four, and Five.[10] The Supreme Court has held that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, to sue a local government under § 1983, a Plaintiff must establish municipal liability. *Id*. To properly do so under *Monell*, a plaintiff must show: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Examining the first prong, the Fifth Circuit has established two ways in which an official policy or custom may be established:

1) A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

---

[9] *See* Pl.'s Am. Compl. 5, ECF No. 2.
[10] *See* Pl.'s Am. Compl. 5–9, ECF No. 2. Notably, Plaintiff went from Count 2 to Count 4, skipping over what would have been Count 3.

    2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of such municipality or to an official to whom that body had delegated policy-making authority.

*Pineda*, 291 F.3d at 328. Furthermore, "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) (citing *Rodriguez v. Anita*, 871 F.2d 552, 554 (5th Cir. 1992)). Instead, a plaintiff must allege a "pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force." *Id.* (citing *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983)).

    In this case, Plaintiff has failed to sufficiently plead facts plausibly establishing an official policy or custom. Plaintiff does not identify any sort of policy or custom for the city within his complaint. Rather, he simply states that the officer's conduct "resulted from lack of training and comported with City of Arlington's illegal de facto policies."[11] This conclusory statement combined with the single, isolated incident alleged in Plaintiff's complaint is not enough to plausibly show that the officers were acting pursuant to an official city policy or custom. *See Fraire*, 957 F.2d at 1278. Because Plaintiff fails to meet the first prong, there is no need for this Court to address the other prongs under *Monell*, and the Court **DISMISSES** Plaintiff's § 1983 claims against the City, as laid out in Counts One, Two, Four, and Five of his complaint.

    c. **State Law Claims**

    Before turning to Counts Six, Seven, and Eight in Plaintiff's complaint, the Court will address Plaintiff's references to the Texas Constitution and the Texas Civil Practice & Remedies

---

[11] Pl.'s Am. Compl. 7, ECF No. 2.

Code, as well as Plaintiff's prayer for punitive damages. Again, a mere reference to a statute within the complaint is not enough to plausibly state a claim for relief. *See Iqbal*, 556 U.S. at 678. Plaintiff mentions the Texas Constitution and various chapters of Texas Civil Practice & Remedies Code only once in his complaint and does not elaborate on those supposed claims beyond that.[12] As with Plaintiff's references to 42 U.S.C. §§ 1985, 86, and 88, these state law references are not independently pleaded and fail to plausibly state any claim for which relief could be granted. And as for Plaintiff's prayer for punitive damages, the City has "absolute immunity from such damages" as a municipality, and thus they are not recoverable. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). A state legislature can waive such immunity, but the Texas legislature has not done so here. *See* TEX. CIV. PRAC. & REM. CODE § 101.024. For these reasons, Plaintiff's claims against the City under the Texas Constitution and various chapters of Texas Civil Practice & Remedies Code, along with his claims for punitive damages against the City, are **DISMISSED**.

Counts Six, Seven, and Eight all involve state law intentional tort claims. Respectively, Plaintiff alleges the City is liable for the torts of malicious prosecution, malicious abuse of process, and intentional infliction of emotional distress.[13] While Texas law may generally allow suits against government officials who engage in tortious conduct, municipalities are immune from such suits unless waived by state law. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). The party suing the municipality has the burden of affirmatively showing waiver of governmental immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506,

---

[12] *See* Pl.'s Am. Compl. 4, ECF No. 2. Even if Plaintiff elaborated on his claim under the Texas Constitution, there is no private cause of action for damages for alleged violations of the Texas Constitution. *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (citing City of *Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995)).
[13] Pl.'s Am. Compl. 10–13, ECF No. 2.

512 (Tex. 2019). Governmental immunity serves as immunity from suit and thus operates as a jurisdictional bar, defeating a trial court's subject matter jurisdiction. *Tarrant County v. Bonner*, 574 S.W.3d 893, 900 (Tex. 2019).

Plaintiff fails to make any argument, either in his complaint or response to the Arlington Defendants' motion to dismiss, regarding the waiver of governmental immunity. Plaintiff does briefly mention the Texas Tort Claims Act, but no applicable waiver of immunity can be found there. The Texas Tort Claims Act provides a limited waiver of governmental immunity for certain tort claims, but there is no waiver of such immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). Since the tort claims alleged by Plaintiff in this case are all intentional torts, the City has governmental immunity from all Plaintiff's claims. Because the City has governmental immunity from Plaintiff's claims, this Court lacks subject matter jurisdiction over these claims and such claims against the City are **DISMISSED**.

### IV.    LEAVE TO AMEND

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that when a party requests leave to amend, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Fifth Circuit has made clear that leave to amend is not automatic. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Instead, a court should consider a number of factors when deciding whether to grant leave to amend, including "undue delay, bad faith or dilatory move on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of the amendment." *Id*. In this case, futility of amendment is relevant to the Court's decision.

Plaintiff will not be able to overcome the fact that the Arlington Police Department is a non-jural entity. Even if this Court were to grant leave to amend, there is nothing Plaintiff can do to cure that deficiency. Thus, it would be futile to amend Plaintiff's claims against the Arlington Police Department.

It would also be futile for Plaintiff to amend his § 1983 claims. As already addressed, Plaintiff must establish municipal liability in order to sue the City for any § 1983 claims. Plaintiff has failed to establish an official policy or custom, as required under *Monell*, and granting leave to amend would not remedy that deficiency. Plaintiff's complaint is based entirely on one incident and interaction with some of the Arlington Police Department's officers. There are no allegations whatsoever about any pattern of repeated, improper conduct or an official policy demanding such conduct. Moreover, Plaintiff's complaint tells the complete story of the events relating to his arrest, and there are no loose ends that could be explored through amendment and transformed into a cognizable § 1983 claim. In short, amendment would be futile because Plaintiff's arrest is an isolated incident, not a symptom of an improper official policy or custom.

Finally, as for Plaintiff's state law intentional tort claims, Plaintiff has no way to overcome the City's governmental immunity and establish that this Court has subject matter over such claims. Thus, it would be futile to amend these claims as well.

For all these reasons, the Court **DENIES** Plaintiff's request for leave to amend his complaint.

## V.    CLAIMS AGAINST DEFENDANT WASHINGTON

As stated above, the Court has dismissed all tort claims against the City and all claims against the Arlington Police Department for lack of subject matter jurisdiction The Court has also dismissed Plaintiff's § 1983 claims against the City for failure to state claim. As such, no federal

claims are left pending, and only state tort claims still stand against Defendant Washington.[14] Because of this, the Court considers whether these claims can remain in federal court via supplemental jurisdiction.

A district court has broad discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When making this decision, courts should consider the "common-law factors of 'judicial economy, convenience, fairness, and comity.'" *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016)). The Fifth Circuit has stated that courts should generally decline to exercise supplemental jurisdiction over state-law claims when all federal claims have been dismissed. *See Manyweather*, 40 F.4th at 246.

Since the Court has dismissed all federal claims for which the Court had original jurisdiction, and because this case is not in its late stages, the Court declines to exercise supplemental jurisdiction over the remaining state tort claims against Defendant Washington. Thus, such claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## VI.  CONCLUSION

For the reasons stated, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Arlington Police Department and Plaintiff's intentional tort claims against the City. The Court also finds that Plaintiff has failed to plausibly state a claim for which relief could be granted in regard to his 42 U.S.C. § 1983 claims. Furthermore, the Court finds granting Plaintiff leave to amend would be futile for the reasons stated above. Lastly, the Court declines to exercise

---

[14] Although Plaintiff demands judgement on his § 1983 claims against "all defendants," such claims can not stand against Defendant Washington since § 1983 claims require state action. *See* Pl.'s Am. Compl. 5–9, ECF No. 2; *Ludgar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

supplemental jurisdiction over Plaintiff's state law claims against Defendant Washington. Therefore, the Court **GRANTS** the Arlington Defendants' 12(b)(6) and 12(b)(1) Motion to Dismiss, and the Court hereby **DISMISSES** all claims in this suit. Final Judgment shall issue.

    **SO ORDERED** on this **26th day** of **June, 2023**.

                                          _____
                                          Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**